U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 8 2015

TONY R. MOORE, CLERK
BY ⎯⎯⎯⎯⎯⎯
         DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE JACKSON, JR. (#25343-076) | DOCKET NO. 15-CV-1179; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Ronnie Jackson, Jr., filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He attacks his 2014 conviction and sentence in the United States District Court for the Western District of Tennessee.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

Petitioner Ronnie Jackson was indicted on June 26, 2012, and a court-appointed attorney represented him in the district court. On October 30, 2013, the district court denied Jackson's motion to appoint new counsel to represent him in his criminal case, but allowed Jackson to proceed pro se with the original court-appointed counsel acting as elbow counsel. [Court of Appeals Docket No. 14-5394, 6th Cir., Doc. #3-2]

Petitioner was convicted by a jury on twelve counts of his superseding indictment. On July 25, 2014, Petitioner was sentenced to a total term of 1,846 months of imprisonment: 262 Months as to Counts 1,3,5,7,9,11, to be served concurrent; 84 Months as to Count 2, to be served consecutive to all Counts; 300 Months as to each Count 4,6,8,10,12, to be served consecutive to all Counts. [Case 2:12-cr-20157, W.D.Tenn., Doc. #235]

Petitioner filed a notice of appeal, and appellate counsel was appointed. Petitioner's brief was filed by counsel in the appellate court on April 16, 2015. [Court of Appeals Docket #14-5950, 6th Cir., Doc. #25] The appeal remains pending, so Petitioner's conviction is not yet final.

In his §2241 petition before this Court, Petitioner raises the legality of his indictment, whether there was probable cause determined by a grand jury, and whether Petitioner was forced to proceed "pro se" at trial.

### Law and Analysis

Ronnie Jackson, Jr., filed the instant petition pursuant to 28 USC §2241. A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside, or correct a sentence under §2255 are distinct mechanisms for seeking post-conviction relief. Pack v. Yusuff, 218 F.3 d 448, 451(5th Cir. 2000). A §2241 petition on behalf of a sentenced prisoner like Petitioner is used to attack the manner in which a sentence is carried out or the prison

authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. Id. In contrast, a §2255 motion is the proper means of attacking errors that occurred "at or prior to sentencing." Id. A §2255 motion must be filed in the court that sentenced the defendant. Id. The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." Id. (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). In the instant case, Petitioner has only alleged errors that occurred before his sentencing. Accordingly, Petitioner's claims are outside the proper scope of a §2241 motion and must be brought in a §2255 motion in the court of conviction.

28 U.S.C. §2255 does contain a "savings clause" provision, which states that an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section may be considered *only if it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.* 28 U.S.C. §2255 (emphasis added). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under §2255 rests squarely on the petitioner." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), *cert. denied*, 534 U.S. 1001 (2001).

The relief Petitioner seeks is more appropriately requested by way of an application under §2255 in the convicting court. The

§2255 remedy, however, is presently unavailable to him because of the pendency of his direct criminal appeal. See Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (citing Welsh v. United States, 404 F.2d 333 (5th Cir.1968)). "A district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court." Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir.1987), cert. denied, 503 U.S. 975, 112 S.Ct. 1597, 118 L.Ed.2d 312 (1992). Insofar as Petitioner may claim that the §2255 remedy is presently inadequate or ineffective to test the legality of his conviction because of the pendency of his direct appeal, the Fifth Circuit has held otherwise. See United States v. Pirro, 104 F.3d 297, 298-300 (5th Cir. 1997) (finding pendency of direct appeal does not render §2255 inadequate or ineffective); Risby v. Wendt, No. 3:04-CV-291-R, 2004 WL 828067 (N.D. Tex. April 15, 2004) (same); Rivera v. Joslin, No. 3:05-CV1426HECF, 2005 WL 3148268, at *2 (N.D. Tex. Nov. 16, 2005) report and recommendation adopted, No. CA 3:05 CV 1426 H, 2005 WL 3305013 (N.D. Tex. Dec. 6, 2005) aff'd, 202 F. App'x 804 (5th Cir. 2006).

Accordingly, habeas relief under the savings clause of §2241 is premature. Petitioner remains free to argue his current claims on direct appeal. Should these fail, and Petitioner's conviction becomes final, he would then be free to file a §2255 motion in the ordinary course in the convicting court.

**Therefore, IT IS RECOMMENDED** that the Petition for Writ of

Habeas Corpus under §2241 be **DENIED and DISMISSED** because the Court lacks jurisdiction to consider these claims.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 18th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE